IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ERIK L. CLARK, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:18-CV-00121-RWS-CMC |
| | § | |
| v. | § | |
| | § | |
| WARDEN, FCI TEXARKANA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Petitioner Erik L. Clark, an inmate confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas for consideration pursuant to applicable laws and orders of this Court.

### I. The Magistrate Judge's Report

Pursuant to a written plea agreement in the United States District Court for the Western District of Missouri, Petitioner was convicted of attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). *United States v. Clark*, 6:14-cr-3063 (W.D. Mo. 2015). Petitioner did not appeal his conviction or sentence.

The factual basis for the plea states that Petitioner communicated with an undercover officer acting as the mother of a ten year old girl and discussed sex acts he could engage in with the girl. Petitioner suggested meeting the "mother," and eventually agreed to meet at a park in Joplin, Missouri, where he was arrested. Following his arrest, Petitioner admitted that he spoke to

the "mother" about having sex with her ten year old daughter. Petitioner also consented to a search of his vehicle, where officers found condoms and lubricant.

Petitioner brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting he was convicted of a non-existent offense because he never communicated with or touched a minor. Docket No. 1.

The Magistrate Judge recommended that the petition be denied. Docket No. 6. The Magistrate Judge explained that § 2241 was inapplicable because Petitioner was properly convicted of attempted coercion and enticement of a minor. *See* Docket No. 6 at 2 (explaining that § 2241 may attack the legality of a conviction only if a retroactively applicable Supreme Court decision establishes Petitioner was convicted of a nonexistence offense). Although Petitioner communicated solely with the "mother," the Magistrate Judge explained that a defendant can violate the statute solely through communications with an adult. Docket No. 6 (citing *United States v.* Andrus, 745 F. App'x 235, 236 (5th Cir. 2018)). The Magistrate Judge further found that, although petitions under § 2241 may be properly construed as a § 2255 motion to vacate, set aside or correct a sentence, this Court does not have jurisdiction to hear such motion because Petitioner was convicted in the Western District of Missouri.

**II.   Objections**

Petitioner objected. Docket No. 8. Petitioner reasserted that he was innocent because his actions did not fall within the elements of 18 U.S.C. § 2422(b). He argues again that the affidavit and criminal complaint contained no evidence that he communicated with a minor. Petitioner asserts that the statute in question does not contain language stating that a person can violate the statute by communication with an adult. *Id.* at 1.

The Magistrate Judge correctly found that a defendant can violate the statute solely through communications with an adult. A defendant violates the statute when he attempts to arrange direct contact so that he can persuade, induce, or entice minors to engage in sexual intercourse, or when he uses the internet in an attempt to have an adult intermediary persuade, induce or entice minors to have sexual relations. *United States v. Caudill*, 709 F.3d 444, 447 (5th Cir. 2013) (affirming conviction of defendant who communicated exclusively with an undercover officer to arrange meeting to have sex with minors). Thus, Petitioner's actions violated § 2422(b) even though he never communicated directly with a minor. Petitioner's objections are **OVERRULED.**

### III. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Magistrate Judge's report is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that Petitioner's objections (Docket No. 8) are **OVERRULED** and the Magistrate Judge's report (Docket No. 6) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled petition is **DENIED.**

**So ORDERED and SIGNED this 23rd day of March, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE